# Supreme Court of Florida

_____

No. SC2024-0773

_____

**IN RE: AMENDMENTS TO FLORIDA PROBATE RULES.**

March 20, 2025

PER CURIAM.

The Florida Bar's Probate Rules Committee filed a report proposing amendments to Florida Probate Rules 5.040 (Notice), 5.499 (Form and Manner of Objecting to Personal Representative's Proof of Claim), and 5.904 (Forms for Initial and Annual Guardianship Plans). We published the proposed amendments for comment in *The Florida Bar News*. No comments were received.

We hereby amend the Florida Probate Rules as proposed by the Committee. Rule 5.040 is amended to require that formal notice be served electronically on a lawyer who has appeared in a matter for an interested person in accordance with Florida Rule of General Practice and Judicial Administration 2.516 (Service of Pleadings and Documents). For unrepresented persons, formal

notice must continue to be served in one of the manners listed in rule 5.040.

Next, the deadline to serve an objection on a claimant in rule 5.499(e) (Service) is changed from "within 10 days after the filing of the objection" to "at the time of filing [the objection] or promptly thereafter." This change conforms rule 5.499(e) to section 733.705(2), Florida Statutes, as amended by chapter 2001-226, section 149, Laws of Florida.

Finally, to better align form 5.904(d) with section 744.3675(1)(b)2., Florida Statutes, the phrase "no more than 90 days before the end of the report period" in paragraph 6 is replaced with "no more than 90 days before the beginning of the applicable reporting period."

Accordingly, the Florida Probate Rules are amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments become effective on July 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Probate Rules

Erin Farrington Finlen, Co-Chair, Probate Rules Committee, Fort Lauderdale, Florida, Zackary T. Zuroweste, Co-Chair, Probate Rules Committee, Clearwater, Florida, Alexandra V. Rieman, Past Chair, Probate Rules Committee, Fort Lauderdale, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

**APPENDIX**

**RULE 5.040.   NOTICE**

**(a)   Formal Notice.**

(1)   *Procedure for Formal Notice.* When formal notice is given, a copy of the pleading or motion must be served on interested persons, together with a notice requiring the person served to serve written defenses on the person giving notice within 20 days after service of the notice, exclusive of the day of service, and to file the original of the written defenses with the clerk of the court either before service or immediately ~~there~~after service, and notifying the person served that failure to serve written defenses as required may result in a judgment or order for the relief demanded in the pleading or motion, without further notice.

(2)   [No Change]

(3)   *Manner of Service of Formal Notice.* ~~Formal notice must be served in the following manner:~~

(A)   If an attorney has appeared for the interested person under the Florida Rules of General Practice and Judicial Administration or the Florida Probate Rules, formal notice must be served on the person by delivery to the attorney in conformity with the requirements of Florida Rule of General Practice and Judicial Administration 2.516.

(B)   If an attorney has not appeared for the interested person under the Florida Rules of General Practice and Judicial Administration or the Florida Probate Rules, formal notice must be served in the following manner:

(~~A~~i)   by sending a copy by any commercial delivery service requiring a signed receipt or by any form of mail requiring a signed receipt;

(B̶ii)  as provided in the Florida Rules of Civil Procedure for service of process;

(C̶iii) as otherwise provided by Florida law for service of process; or

(D̶iv) by first-class mail when only in rem or quasi in rem relief is sought against a person if:

(i̶)a.  registered or certified mail service to the addressee requiring a signed receipt is unavailable and if delivery by commercial delivery service requiring a signed receipt is also unavailable;

(ii̶)b. delivery ~~pursuant to~~under subdivision (a)(3)(A̶B̲)(i̲) is attempted and is refused by the addressee; or

(iii̶)c. delivery ~~pursuant to~~under subdivision (a)(3)(A̶B̲)(i̲) is attempted and is unclaimed after notice to the addressee by the delivering entity.

(4)    *Persons to be Served.* Service of formal notice under (a)(3)(A̶B̲)(i̲) and (a)(3)(D̶B̲)(iv̲) must be made on the following:

(A)    ~~service on an interested person represented by an attorney must be made by delivery to the attorney at his or her regular place of business;~~

(B̶)   service on an interested person who has filed a request for notice must be made by delivery to ~~such~~the interested person at the address given in the request for notice;

(C̶B̲) service on an incapacitated person or a person with a developmental disability must be made by delivery:

(i)    to ~~such~~the person at ~~his or her~~the person's usual place of abode; and

- 5 -

(ii)  to ~~such~~the person's legal guardian at the legal guardian's usual place of abode or regular place of business or, if ~~such~~the person does not have a legal guardian, to the person having care or custody of ~~such~~the person at ~~his or her~~the person's usual place of abode or regular place of business;

(~~D~~C) service on a minor whose disabilities of nonage are not removed must be made by delivery to the persons designated to accept service of process on a minor under chapter 48, Florida Statutes, at ~~their~~the minor's usual place of abode or regular place of business;

(~~E~~D) service on any other individual must be made by delivery to ~~such~~the individual at ~~his or her~~the individual's usual place of abode or to any person authorized to receive service of a summons on behalf of the individual as provided in chapter 48, Florida Statutes; or

(~~F~~E)  service on a corporation or other business entity must be made by delivery to ~~such~~the corporation or other business entity as provided in chapter 48, Florida Statutes.

(5)  *Completion of Service.* Service of formal notice ~~pursuant to~~under subdivision (a)(3)(~~A~~B)(i) will be complete ~~upon~~ receipt by the person to whom delivery is made. Service of formal notice ~~pursuant to~~under subdivision (a)(3)(B)(ii) will be complete as provided in the Florida Rules of Civil Procedure for service of process. Service of formal notice ~~pursuant to~~under subdivision (a)(3)(~~C~~B)(iii) will be complete as provided by Florida law for service of process. Service of formal notice ~~pursuant to~~under subdivision (a)(3)(~~D~~B)(iv) will be complete on mailing.

(6)  *Proof of Service.* Proof of service under subdivision (a)(3)(B) must be by verified statement of the person serving formal notice and there must be attached to the verified statement the receipt signed by the person to whom delivery was made or other evidence satisfactory to the court that delivery was made. If service is obtained ~~pursuant to~~under subdivision (a)(3)(~~D~~B)(iv), the verified statement must state the basis for service by first-class mail, the

date of mailing, and the address to which the first-class mail was sent, and evidence of delivery is not required. Proof of service ~~pursuant to~~under subdivisions (a)(3)(B)(ii) or (a)(3)(~~C~~B)(iii) must be made as provided by Florida law for service of process.

**(b) – (c)**     [No Change]

**(d)     Formal Notice Optional.** Formal notice may be given ~~in lieu~~instead of informal notice at the option of the person giving notice unless the court orders otherwise. When formal notice is given ~~in lieu~~instead of informal notice, formal notice must be given to all interested persons entitled to notice. When formal notice is given ~~in lieu~~instead of informal notice, that notice does not modify any time period otherwise specified by statute or these rules.

**(e)     In the Manner Provided for Service of Formal Notice.** If a document is served in the manner provided for service of formal notice under subdivision (a)(3)(B), service is completed as provided in subdivision (a)(5)~~.~~ and ~~P~~proof of service must be in the manner set forth in subdivision (a)(6).

## Committee Notes
[No Change]

**Rule History**

1975 – 2023     [No Change]

2025 Revision: Subdivision (a)(3) is amended to permit e-service of formal notice on represented interested persons. Committee notes revised.

**Statutory References**
[No Change]

**Rule References**
[No Change]

**RULE 5.499.  FORM AND MANNER OF OBJECTING TO PERSONAL REPRESENTATIVE'S PROOF OF CLAIM**

(a)  **Filing.** An objection to a personal representative's proof of claim ~~shall~~must be in writing and filed on or before the expiration of 4 months from the first publication of notice to creditors or within 30 days from the timely filing of the proof of claim, whichever occurs later.

(b)  **Contents.** The objection ~~shall~~must identify the particular item or items to which objection is made. An objection to an item listed on the proof of claim as to be paid ~~shall~~must also contain a statement that the claimant is limited to a period of 30 days from the date of service of an objection within which to bring an independent action as provided by law.

(c)  **Items Listed as Paid.** If an objection is filed to an item listed on the proof of claim as paid, it ~~shall~~is not ~~be~~ necessary for the claimant to file an independent action as to that item. Liability as between estate and the personal representative individually for claims listed on the proof of claim as paid, or for claims treated as if they were listed on the proof of claim as paid, ~~shall~~will be determined in the estate administration, in a proceeding for accounting or surcharge, or in another appropriate proceeding, whether or not an objection has been filed.

(d)  **Items Paid Before Objection.** If an item listed as to be paid is paid by the personal representative ~~prior to~~before the filing of an objection as to that item, the item ~~shall~~will be treated as if it were listed on the proof of claim as paid.

(e)  **Service.** The objector ~~shall~~must serve a copy of the objection on the personal representative and, in the case of any objection to an item listed as to be paid, ~~shall~~must also serve a copy on that claimant ~~within 10 days after the filing of the objection~~at the time of filing or promptly thereafter. In the case of an objection to an item listed as to be paid, the objection ~~shall~~must include a certificate of service.

## Committee Notes
[No Change]

**Rule History**

2005-2012 [No Change]

2025 Revision: Subdivision (e) amended to address the timing of service of an objection to a claim. Committee notes revised.

**Statutory Reference**
[No Change]

**Rule References**
[No Change]

## RULE 5.904.   FORMS FOR INITIAL AND ANNUAL GUARDIANSHIP PLANS

**(a) – (c)**  [No Change]

**(d)   Annual Guardianship Plan for Adult.**

In the Circuit Court of the
_____ Judicial
Circuit,
in and for _____
County, Florida

Probate Division
Case No. _____

In Re: Guardianship of

_____
Respondent's Name
Person with Developmental Disability

_____

## ANNUAL GUARDIANSHIP PLAN OF GUARDIAN/ GUARDIAN ADVOCATE OF THE PERSON

.....(Guardian's name)....., the guardian of the person/guardian advocate of .....(ward's name)....., the ward, submits the following annual plan for the period beginning .....(beginning date)..... ending .....(ending date)......

1.    The ward's address at the time of filing this plan is: _____

_____

_____

2.    During the prior 12 months, the ward resided or was maintained at (include dates, names, addresses, and length of stay at each location):

| Date | Name | Address | Length of stay |
|------|------|---------|----------------|
|      |      |         |                |
|      |      |         |                |
|      |      |         |                |

3.    The residential setting best suited for the current needs of the ward is (Check 1):

( )    a.    group home;

( )    b.    assisted living;

( )    c.    nursing home;

( )    d.    live with parents;

( )    e.    at ward's private residence; or

( )    f.    other: _____

4.    Plans for ensuring that the ward is in the best residential setting to meet the ward's needs during the coming year are as follows: _____

_____

5.      The following is a list of any medical treatment given to the ward during the preceding year:

| Date | Provider | Treatment provided |
|------|----------|--------------------|
|      |          |                    |
|      |          |                    |
|      |          |                    |

6.      Attached is a report of a physician who examined the ward no more than 90 days before the ~~end of the report period~~beginning of the applicable reporting period, including that physician's evaluation of the ward's condition and a statement of the current level of capacity of the ward.

7.      The plan for provision of medical, dental, mental health, and rehabilitative services (for example, occupational therapy, physical therapy, speech therapy, applied behavioral analysis) in the coming year is:

| Date | Provider | Service provided |
|------|----------|------------------|
|      |          |                  |
|      |          |                  |
|      |          |                  |

8.      The following information is submitted concerning the social condition of the ward:

        a.      The ward is currently using the following social and personal services (include name, services rendered, and address of each provider), including any groups in which the ward is participating:

| Date | Provider | Service provided |
|------|----------|------------------|
|      |          |                  |

| Date | Provider | Service provided |
|------|----------|------------------|
|      |          |                  |
|      |          |                  |

b.	The following is a statement of the social skills of the ward, including how well the ward maintains interpersonal relationships with others: _____

_____

_____

_____

c.	The following is a description of the social needs of the ward, if any: _____

_____

_____

_____

9.	The following is a summary of activities during the preceding year designed to increase the capacity of the ward, including involvement in groups or group activities: _____

_____

_____

_____

10.	Is the ward now capable of having some or all of the ward's rights restored?

( )	If yes, identify the rights that should be restored: ___

_____

_____

11.	Do you plan to seek the restoration of any rights to the ward?

( )	If yes, identify the rights that you are seeking to be restored: _____

_____

12.	This plan _____ has or _____ has not been reviewed with the ward.

(Please use additional sheets where necessary.)

13. The following is a list of preexisting orders not to resuscitate, health care surrogate designation, living will, or anatomical gift.:

| # | Title | Date | Suspended by Court? (Yes or No) | Steps Taken to Locate any Preexisting Document |
|---|-------|------|--------------------------------|-------------------------------------------------|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

(Please use additional sheets if necessary.)

**Under penalties of perjury, I declare that I have completed and read the foregoing, and the facts set forth are true, to the best of my knowledge and belief.**

Signed on .....(date)......

*[A certificate of service is required unless ward has been declared totally incapacitated.]*

[I certify that the foregoing document has been furnished to .....(name, address used for service, mailing address, and e-mail address)..... by .....(e-mail) (delivery) (mail) (fax)..... on .....(date)......]

_____
Guardian's Signature
Guardian's Printed Name: _____

_____
_____
Guardian's Address: _____

Guardian's Phone Number: _____

Guardian's E-mail Address: _____

       If the guardian is represented by counsel, the attorney must comply with Florida Rule of General Practice and Judicial Administration 2.515 (every document of a party represented by an attorney must be signed by at least 1 attorney of record).

       **(e)**    [No Change]